02-10-363-CR








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-10-00363-CR 

 

 




 
 
 Curtis Wayne Rogers
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 




 

 

----------

 

FROM THE 78th
District Court OF Wichita COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Pursuant
to a plea bargain, Appellant Curtis Wayne Rogers pleaded guilty to possession
of four grams or more but less than two hundred grams of methamphetamine with
intent to deliver.[2]  The trial court’s original
certification of Rogers’s right to appeal states that he waived the right to
appeal.  The trial court subsequently entered an amended certification, stating
that this “is not a plea-bargained case, and the defendant has the right of
appeal.”

On
May 5, 2011, we notified the trial court that its amended certification was defective
and ordered a second amended certification of Rogers’s right to appeal to state
that this case is a plea-bargained case and to indicate whether any matters
were raised by written motion filed and ruled on before trial or whether the
trial judge has given permission to appeal.  See Tex. R. App. P.
25.2(a)(2), (d), (f), 37.1; Dears v. State, 154 S.W.3d 610, 613–15 (Tex.
Crim. App. 2005).   On May 18, 2011, we received the trial court’s second
amended certification of Rogers’s right to appeal.  The certification states that
this “is a plea-bargain case, and the defendant has NO right of appeal.”

On May
18, 2011, we sent the parties a letter notifying them that the appeal may be
dismissed unless any party files a response showing grounds for continuing the
appeal based upon the new certification.  See Tex. R. App. P. 25.2(d),
43.2(f).  Rogers filed a pro se response arguing that the trial court did not
provide him an opportunity to withdraw his guilty plea.  Rogers’s appointed
counsel also filed a response arguing that the appeal should be continued
because Rogers was originally granted permission to appeal and had an attorney
appointed for that purpose and because the sole issue on appeal is whether the
trial court impermissibly entered into the plea-bargain process.

These
responses do not show grounds for continuing the appeal.  Rule 25.2(a)(2)
provides that a plea-bargaining defendant may appeal only matters that were
raised by written motion filed and ruled on before trial or after getting the
trial court’s permission to appeal.  Tex. R. App. P. 25.2(a)(2); Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (requiring appellate
courts to dismiss prohibited appeal without further action, regardless of basis
for appeal).  Rogers’s basis for appeal does not concern matters raised by any
written motion filed and ruled on before trial, and the trial court’s second
amended certification of appeal does not otherwise give Rogers the right to
appeal.  Consequently, because Rogers has no right to appeal, we dismiss the
appeal.  See Tex. R. App. P. 25.2(d), 43.2(f); Chavez, 183 S.W.3d
at 680.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: July 7, 2011 

 









[1]See Tex. R. App. P. 47.4.





[2]Rogers entered into a
“split” plea bargain with the State, in which the State agreed to recommend
five years’ confinement provided that if, before the sentencing hearing, Rogers
was charged with a new offense or violated a condition of his bond, or if he failed
to appear for the sentencing hearing, then the State agreed to recommend thirty
years’ confinement.  After Rogers failed to appear at the sentencing hearing,
the trial court sentenced him to thirty years’ imprisonment in accordance with
the terms of the plea bargain.